Dissenting Opinion.
Todd, J.
The exemption in this case is claimed under the Act of 1865. That Act exempts, quoting its language, “ one hundred and sixty acres of ground, and the buildings and improvements thereon, occupied as a residence, and bona fide owned by the debtor, having a family, mother or father, or person or persons dependent on him for support.”
The claimant in this case is a widow, the head of a family, consisting at the time of the institution of her suit, of three minor children, one of them her own daughter, and two orphan girls whom she had raised from infancy, and who, from that period of their existence, had been members of her household, and the youngest of whom was only nine years of age. Whether we view the plaintiff as the head of this dependent family, or view her as one having a person or persons dependent on her for support, I am convinced that she comes strictly within the scope and benevolent design of the law she invokes, and nqt only *1060 within the spirit of that law, but within the strictest letter of it. To my mind, it needs only a recurrence to the policy of the law and the wise and humane purposes of its enactment, to induce the conclusion that this case comes peculiarly within its principle and intent.
The policy of this law, I take it to be, was to afford the shelter of a home to every family struggling with the adversities óf life, a permanent home, because secured against the vicissitudes of fortune and the results of improvidence. And this idea of permanency and security was wisely designed to foster a desire to establish homes, and to elevate the family by encouraging the love of home, enhanced by the safeguards and protection that the law throws around it, and so well calculated to promote the affections and virtues that are naturally associated with home and family. The object of the law was thus broad and far-reaching, designed to affect the very structure of society and advance its highest and best interests. Considering this object, I think the law is entitled to a construction as liberal as its aims and purposes are broad and humane. It is a law, however, that may be so narrowly construed as to be rendered wholly inoperative to accomplish what I conceive to be its legitimate ends. It may be made the veriest'mockery.
■ The family blessed with a strong and vigorous protection in the father, and which is meritorious from the industry and working capacity of its members, may be told, you have no need to claim the protection of the law, you are self-supportiDg.
And the weak and the helpless, with no protection but the mother, may be told that they might work, or are capable of supporting themselves, and that members of the family, though orphans, and maybe of tender years, have no claim to member ship therein, but in the charity and humanity of the widowed head of that family, and that the exercise of such humanity and charity, in the support of orphan children, was not only an imjmdinient, but an absolute barrier to the benefits of the law.
From a careful 'study of the subject, and from any standpoint that I view the case, I think the plaintiff is entitled to the exemption claimed, and that the judgment of the lower court allowing it should be affirmed. I, therefore, dissent.